# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| EXULAM HOLMAN, (#K52133), ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 17 C 5765 |
| v. ) | |
| ) | |
| CRAIG FOSTER, Warden, Graham ) | |
| Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Exulam Holman's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d)(1). For these reasons, the Court denies Petitioner's habeas petition and declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2). [R. 1, 16.]

## BACKGROUND

When considering § 2254 habeas petitions, federal courts must presume as correct the factual findings made by the last state court to decide the case on the merits unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Hicks v. Hepp,* 871 F.3d 513, 525 (7th Cir. 2017). Where Petitioner has not provided clear and convincing evidence to rebut this presumption, the following factual background is based on the Illinois Appellate Court's findings in *People v. Holman,* 20 N.E.3d 450, 454 (3d Dist. 2014).

I.  **Factual Background**

On December 31, 2011, Will County Sheriff's Deputies arrested Petitioner after being dispatched to his residence while a New Year's Eve party was in progress. During a fight with

his uncle, Petitioner pressed his thumbs into his uncle's eye sockets resulting in severe injury, including that one of his uncle's eyes had to be removed and his uncle lost vision in the other eye. Petitioner was charged and tried on one count of aggravated domestic battery and one count of aggravated battery. After an August 2012 trial in the Circuit Court of Will County, the jury found Petitioner guilty on both counts and concluded that the offenses involved "exceptionally brutal or heinous behavior indicative of wanton cruelty" making Petitioner eligible for an extended term sentence. *See* 730 ILCS 5/5-5-3.2(b)(2). The Circuit Court then sentenced Petitioner to the maximum sentence of fourteen years.

## II. Procedural Background

In his direct appeal to the Illinois Appellate Court, Petitioner, by counsel, argued that the evidence presented a trial was insufficient to support his conviction because he acted in self-defense and that his sentence violated Illinois law. On October 8, 2014, the Illinois Appellate Court affirmed the Will County Circuit Court's judgment and sentence. In his petition for leave to appeal ("PLA") to the Supreme Court of Illinois, Petitioner, by counsel, argued that the Supreme Court should clarify the way the Illinois Appellate Court analyzes double enhancement claims on appeal. The Supreme Court denied Petitioner's PLA on September 30, 2015.

Petitioner filed a pro se post-conviction petition pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq*. In his post-conviction petition, Petitioner argued that his trial counsel was constitutionally ineffective based on a conflict of interest and counsel's failure to file a motion concerning the prosecutor's use of perjured testimony. Petitioner also argued that his trial counsel should have impeached the responding officer's trial testimony. Moreover, Petitioner argued that his appellate counsel was ineffective for failing to argue that his trial counsel was ineffective. Last, Petitioner asserted that the trial judge had a conflict of interest and

was biased. The Will County Circuit Court summarily dismissed his pro se post-conviction petition as "frivolous and without merit." *See* 725 ILCS 5/122-2.1(2).

After Petitioner appealed the dismissal of his post-conviction petition, on November 22, 2016, his appellate counsel filed a motion for leave to withdraw pursuant to *Pennsylvania v. Finley,* 481 U.S. 551, 107 S. Ct. 1990, 95 L.Ed.2d 539 (1987). In addressing the potential judicial bias argument, counsel's *Finley* motion noted that Petitioner's post-conviction petition had alleged that the trial judge was biased against him because (1) her husband had represented him in a 1999 civil lawsuit against the Joliet Police Department resulting in Petitioner receiving a $100,000 settlement; and (2) the judge imposed the maximum sentence. In his *Finley* motion, appellate counsel argued that these facts did not demonstrate bias, especially because the Illinois Appellate Court had held on direct appeal that Petitioner's sentence was justified by his extensive criminal record, his history of "escalating violence," and the "gruesome facts" of the case. In response to counsel's *Finley* motion to withdraw, Petitioner argued that his trial counsel was ineffective in failing to bring the 1999 civil lawsuit to the trial judge's attention and counsel was ineffective for failing to impeach his uncle with his prior testimony.

On January 12, 2017, the Illinois Appellate Court granted counsel's motion to withdraw and affirmed the judgment holding that the judicial bias and ineffective assistance of counsel claims were forfeited because they could have been raised on direct appeal. The Illinois Appellate Court also concluded that these claims lacked merit. After Petitioner filed a post-conviction petition PLA, the Supreme Court of Illinois denied his PLA on May 24, 2017.

### III. Habeas Petition

On August 7, 2017, Petitioner filed the present pro se petition for a writ of habeas corpus. Construing Petitioner's pro se allegations liberally, *see Echols v. Craig,* 855 F.3d 807, 812 (7th

3

Cir. 2017), he asserts that: (1) his trial counsel was constitutionally ineffective and had a conflict of interest for failing to bring the 1999 civil lawsuit to the trial court's attention; (2) his trial counsel was constitutionally ineffective for failing to impeach his uncle's testimony; (3) the trial judge was biased; (4) the evidence underlying his conviction was insufficient, especially because he had acted in self-defense; and (5) his sentence is excessive because the trial court did not consider mitigating evidence.[1]

## LEGAL STANDARDS

### I. Habeas Relief

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the Court cannot grant habeas relief unless the state court's decision was contrary to, or an unreasonable application of federal law clearly established by the Supreme Court. *See Williams v. Taylor,* 529 U.S. 362, 402-03, 120 S. Ct. 1495, 146 L.Ed.2d 389 (2000); *Pinno v. Wachtendorf*, 845 F.3d 328, 331 (7th Cir. 2017). The Supreme Court has explained that a state court's decision is "contrary to" clearly established Supreme Court law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law" or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. Under the "unreasonable application" prong, a habeas petitioner must demonstrate that although the state court identified the correct legal rule, it unreasonably applied the controlling law to the facts of the case. *Id.* at 407.

### II. Exhaustion and Procedural Default

"A federal habeas corpus petitioner is required to exhaust his available state remedies before seeking federal relief." *Lisle v. Pierce,* 832 F.3d 778, 785 (7th Cir. 2016) (citing 28

---

[1] The Court construes Petitioner's November 6, 2017 petition for a writ of habeas corpus as his reply brief.

4

U.S.C. § 2254(b)(1)(A)). "Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, is the duty to fairly present his federal claims to the state courts." *King v. Pfister,* 834 F.3d 808, 815 (7th Cir. 2016) (citation omitted). More specifically, a habeas petitioner must fully and fairly present his federal claims through one full round of state court review before he files his federal habeas petition. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848, 119 S. Ct. 1728, 144 L.Ed.2d 1 (1999); *Tabb v. Christianson*, 855 F.3d 757, 765 (7th Cir. 2017). If a habeas petitioner fails to fully and fairly present his federal claims through one full round of state court review, he has procedurally defaulted his claims. *Tabb,* 855 F.3d at 765. Also, "a federal court may not review federal claims that were procedurally defaulted in state court – that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). Procedural default precludes federal courts from reviewing the merits of a petitioner's habeas claims. *Thomas v. Williams,* 822 F.3d 378, 384 (7th Cir. 2016).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the federal court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536, 126 S. Ct. 2064, 165 L.Ed.2d 1 (2006); *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L.Ed.2d 640 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a petitioner from pursuing his constitutional claim in state court. *Murray v. Carrier,* 477 U.S. 478, 492, 106 S. Ct. 2639, 91 L.Ed.2d 397 (1986); *Johnson v. Foster,* 786 F.3d 501, 505 (7th Cir. 2015). Prejudice means actual prejudice infecting the "entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (citation omitted). A fundamental miscarriage of justice occurs when a

5

habeas petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Id.* at 496; *see also Jones v. Calloway,* 842 F.3d 454, 461 (7th Cir. 2016).

## ANALYSIS

**I.     Procedurally Defaulted Claims**

In response to the present habeas petition, Respondent asserts that Petitioner procedurally defaulted his judicial bias and ineffective assistance of counsel claims based on the Illinois Appellate Court's determination that Petitioner had "forfeited" these claims because he could have raised them on direct appeal. More specifically, "federal courts will not review questions of federal law presented in a habeas petition when the state court's decision rests upon a state-law ground that is independent of the federal question and adequate to support the judgment[.]" *Richardson v. Griffin,* 866 F.3d 836, 842 (7th Cir. 2017) (citation omitted). "To be 'adequate,' a state-law ground must be 'a firmly established and regularly followed state practice at the time it is applied.'" *Donelson v. Pfister,* 811 F.3d 911, 917 (7th Cir. 2016) (citation omitted); *see also Crockett v. Butler,* 807 F.3d 160, 167 (7th Cir. 2015) (federal courts "ask whether the rule invoked was 'firmly established and regularly followed.'") (citation omitted). A state law ground is independent "when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Lee v. Foster,* 750 F.3d 687, 693 (7th Cir. 2014) (citation omitted).

Federal courts have long recognized that Illinois' forfeiture rule is an independent and adequate state law ground. *See Sturgeon v. Chandler,* 552 F.3d 604, 611 (7th Cir. 2009) ("A finding of waiver by the state postconviction court is enough to establish an adequate and independent state ground."); *see, e.g., Banks v. Atchison,* 839 F. Supp. 2d 1019, 1029 (N.D. Ill.

2012) ("A petitioner waives issues on postconviction review that he could have raised on direct appeal, but did not"). Indeed, the Supreme Court of Illinois recently reiterated that under Illinois' Post-Conviction Hearing Act, "issues that were raised and decided on direct appeal are barred from consideration by the doctrine of res judicata; issues that could have been raised, but were not, are forfeited." *People v. Holman,* ___ N.E.3d ___, 2017 WL 4173340, at *5 (Ill. Sept. 21, 2017). Accordingly, Petitioner procedurally defaulted his judicial bias and ineffective assistance of counsel claims.

In addition, Petitioner procedurally defaulted his habeas claim that the evidence underlying his conviction was insufficient because he had acted in self-defense. Although he made this argument on direct appeal to the Illinois Appellate Court, he did not raise this argument in his PLA to the Supreme Court of Illinois. As such, he did not fully and fairly present this argument through one full round of state court review. *See Brown v. Brown*, 847 F.3d 502, 517 (7th Cir. 2017).

In order for the Court to reach the merits of these procedurally defaulted claims, Petitioner must demonstrate cause for the default and actual prejudice or show that the Court's failure to consider the claim would result in a fundamental miscarriage of justice. Although "[m]eritorious claims of ineffective assistance can excuse a procedural default," the ineffective assistance of counsel claims "must themselves be preserved." *Richardson v. Lemke,* 745 F.3d 258, 272 (7th Cir. 2014). In other words, Petitioner cannot use his claims of ineffective assistance of counsel to excuse his procedural default because the Illinois Appellate Court concluded that he had forfeited these claims for failing to raise them on direct appeal. *See Bolton v. Akpore,* 730 F.3d 685, 697 (7th Cir. 2013); *Promotor v. Pollard,* 628 F.3d 878, 887 (7th Cir. 2010). In any event, Petitioner does not argue that cause and prejudice except his procedural

7

default nor does he argue that the fundamental miscarriage of justice exception applies under the circumstances. Therefore, the Court does not reach the merits of these habeas claims.

## II.     Non-Cognizable Claim

Next, Respondent argues Petitioner's claim that his sentence was excessive is not cognizable on habeas review. To clarify, "[f]ederal habeas corpus relief is not available to correct perceived errors of state law." *Crockett,* 807 F.3d at 168; *see also Estelle v. McGuire,* 502 U.S. 62, 67, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991) ("habeas corpus relief does not lie for errors of state law"). Simply put, Petitioner's argument focuses on the state court's violation of state – not federal – law. *Wilson v. Corcoran,* 562 U.S. 1, 5, 131 S. Ct. 13, 178 L.Ed.2d 276 (2010) ("it is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts") (emphasis in original). As such, Petitioner's last habeas claim is not cognizable on collateral review, and thus the Court cannot determine the merits of this claim. *See King,* 834 F.3d at 814 ("[i]t is well-established that on habeas review, a federal court cannot disagree with a state court's resolution of an issue of state law").

## III.    Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present ruling. A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell,* 537 U.S. 322, 335, 123 S. Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Flores-Ramirez v.*

*Foster,* 811 F.3d 861, 865 (7th Cir. 2016) (per curiam). Rather, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; 28 U.S.C. § 2253(c)(2). In cases where a district court denies a habeas claim on procedural grounds, a certificate of appealability should issue only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 485, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000).

Here, Petitioner has not established that reasonable jurists would debate that his claim based on Illinois sentencing law is not cognizable on habeas review. In addition, a reasonable jurist would not conclude the Court erred in ruling that Petitioner had procedurally defaulted his remaining habeas claims. *See id.* at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case," the claim is not debatable). As such, the Court declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court denies Petitioner's petition for a writ of habeas corpus and declines to certify any issues for appeal. *See* 28 U.S.C. §§ 2253(c)(2), 2254(d)(1).

**Dated:** November 13, 2017

**ENTERED**

_____
**AMY J. ST. EVE**
**United States District Judge**

9